[No. 23868. *En Banc.* November 30, 1932.]

GEORGE SOSKIEFF, *Respondent,* v. JIM KINOMOTO *et al., Appellants.*[1]

368

*Philip Tworoger,* for appellants.

*Aston S. Peake* and *Patterson & Ross,* for respondent.

STEINERT, J.—This is an action wherein plaintiff seeks to recover damages for personal injuries alleged to have been sustained by him as the result of an assault made upon him by the defendants. Trial before the court, sitting with a jury, resulted in a verdict and judgment for plaintiff, in the sum of thirty-five hundred dollars. The defendants appeal.

The only error assigned is upon the court's ruling with reference to the admissibility of certain evidence.

One of the issues in the case was the extent of the damages sustained by respondent by way of pain and suffering and loss of employment through inability to work, due to the physical injuries suffered. In his complaint, the respondent alleged that he was a logger, miner and blacksmith, and was earning six dollars per day. To substantiate his claim, the respondent called, as a witness, the manager of an employment agency in Seattle, who testified that, on January 16, 1931, he had obtained a job for the respondent upon certain county road work in Skagit county. The work was to commence January 18, 1931, two days after the assault was committed.

Later, in the progress of the trial, the respondent was called as a witness by the appellants, and the following question was propounded to him:

"Did you not, during the World War, claim exemption from military service for the United States by reason of the fact that you were an alien?"

An objection was raised to the question and sustained by the court. The appellants then offered to prove that the respondent had been called into military service during the World War, by the United

States, under the Draft Act, and that he had claimed exemption therefrom on the ground of being an alien; that, by reason thereof, respondent was not eligible for employment on any public work of the state of Washington, or by any contractor employed by the state, county, or any municipal subdivision of any county. This offer of proof by appellants was likewise rejected by the court.

Rem. Comp. Stat., § 2334-1, provides as follows:

"It shall be unlawful for any officer or agent of, or any contractor with, the state of Washington, or any county, city, town or municipal corporation to knowingly employ any alien, whether a declarant or otherwise, who claimed and was granted exemption from military service in the war with Germany and her allies, under the provisions of the 'Act of Congress May 18, 1917' or any acts amendatory thereof, on the ground that he was not a citizen of the United States."

Respondent contends in his brief that the evidence introduced by him to the effect that he had secured employment upon public work at the rate of six dollars per day was merely for the purpose of showing his earning capacity, and that it was immaterial whether the employment at which he was to earn that rate of pay was on public work or for a private employer. Plausible as these contentions are, we do not agree with them. Under the evidence, as it stood when the objection to appellants' offer of proof was sustained, the jury was warranted in believing and finding that respondent was eligible for public employment, and that the loss of such employment was an important element of his damages. If it was not intended to give the jury that impression, why was any reference made to the fact that the employment had been obtained and was about to be entered upon?

Whatever may be the declared purpose of respondent's evidence in this respect, its obvious effect, we

think, was to convey to the minds of the jurors the thought that respondent's earning capacity was augmented by an existing and immediate opportunity for work. Unquestionably, that evidence had logical and practical force. One's earning capacity does depend, to some extent at least, upon his opportunity to obtain employment; and one's opportunity for a specific kind of work, in turn, depends upon his eligibility for that work. But if the respondent was not eligible for the particular work, he cannot invoke, as the measure, or as an element, of his earning capacity, the compensation attached to the job.

Respondent further contends that the rejected offer of proof on the part of the appellants was merely for the purpose of prejudicing the respondent in the eyes of the jury. It might, of course, have had that effect. On the contrary, the attempt to so prejudice the jury might have had the very opposite effect. The real question here, however, is not whether the evidence would have been prejudicial, but whether the evidence was competent. We think that it was. All evidence that is adverse is, in a sense, prejudicial.

We think that appellants should have been permitted to show that there was no basis for the claim made by the respondent that he had employment upon work of a public nature, by showing that he was not eligible for the work. We further think that it can reasonably be said that, if appellants had been permitted to counteract the evidence of the respondent upon what was a very material issue in the case, the jury would have returned a considerably different verdict.

The judgment is reversed.

TOLMAN, C. J., HERMAN, MAIN, MILLARD, MITCHELL, HOLCOMB, and BEALS, JJ., concur.